UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRACI D. DEYORGI,

      Plaintiff,

v.                                                      CASE NO. 6:24-cv-1779-SJH

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

**MEMORANDUM ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application under the Social Security Act ("Act") for Disability Insurance Benefits ("DIB"). In a decision dated June 27, 2024, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability from June 19, 2021, the alleged disability onset date, through the date of decision. Tr. 17-33. For the reasons herein, the Commissioner's decision is **reversed and remanded** for further administrative proceedings.

    **I.**    **The ALJ's Decision**

Under the Act's general statutory definition, a person is considered disabled if unable to engage in substantial gainful activity by reason of a medically determinable

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.

impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. § 423(d)(1)(A).[2] In making a disability determination, the Social Security Administration generally uses a five-step sequential process. 20 C.F.R. § 404.1520(a)(4).[3]

The ALJ applied this five-step sequential process. Tr. at 18-32.[4] At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 19, 2021, the alleged disability onset date. *Id.* at 19. The ALJ found at step two that Plaintiff has the following severe impairments: "Anxiety, depression, and posttraumatic stress disorder (PTSD) (20 CFR 404.1520(c))." *Id.* at 20 (emphasis removed). At step three, the ALJ found that Plaintiff does not have an impairment or

---

[2] Because the definitions of disability under Title II and Title XVI of the Act are the same, cases under one statute are generally persuasive as to the other. *See Jones v. Astrue*, No. 3:10-cv-914-J-JBT, 2011 WL 13173806, at *2 n.2 (M.D. Fla. Oct. 17, 2011).

[3] At step one, the person must show the person is not engaged in substantial gainful activity. At step two, the person must show the person has a severe impairment or combination of impairments. At step three, the person may show the impairment or combination of impairments meets or equals the severity of one of the listings in the appendix of the applicable regulations. Absent such a showing, at step four, the person must show the person cannot perform the person's past relevant work given the person's residual functional capacity ("RFC"). Step five, at which the burden temporarily shifts to the Commissioner, asks whether there are a significant number of jobs in the national economy the person can perform given the person's RFC, age, education, and work experience. If it is determined at any step the person is or is not disabled, the analysis ends without proceeding further. *See* 20 C.F.R. § 404.1520(a)(4); *Flowers v. Comm'r Soc. Sec. Admin.*, 97 F.4th 1300, 1308 (11th Cir. 2024); *Jacob v. Comm'r of Soc. Sec.*, No. 8:22-cv-2435-CEH-TGW, 2024 WL 3548902, at *3-4 (M.D. Fla. July 26, 2024).

[4] Title II of the Act "provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need." *Smith v. Berryhill*, 587 U.S. 471, 475 (2019) (quotation omitted). The ALJ found Plaintiff meets the insured status requirements through December 31, 2026. Tr. at 19.

2

combination of impairments that meets or equals a listed impairment. *Id.* The ALJ found that Plaintiff has the following residual functional capacity ("RFC"):

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can concentrate and persist to complete simple and routine tasks. She can tolerate occasional interaction with supervisors, coworkers, and the public. She can adjust to gradual changes in a routine work setting, but not in jobs that are production rate paced.

*Id.* at 22 (emphasis removed). The ALJ found at step four that Plaintiff is unable to perform any past relevant work but found at step five that jobs exist in significant numbers in the national economy that she can perform, such that she has not been under a disability from the alleged date of onset through the date of decision. *Id.* at 31-32.

## II. Issues on Appeal

Plaintiff argues on appeal that "the ALJ failed to properly evaluate the medical opinion evidence" in that "after finding the opinions of the State Agency's psychological consultants persuasive," she "erred by failing to include all the limitations described therein in her RFC or to explain why they were excluded[.]" Doc. 16 at 3 (emphasis removed). As background, the ALJ found, without qualification, two state agency psychological consultants' opinions persuasive. Tr. at 30. Those state agency psychological consultants stated *inter alia* that Plaintiff: (i) "can behave in accordance with general social conventions during brief, task-specific interactions/conversations with customers, coworkers, and supervisors"; and (ii) "can focus on and perform slower-paced simple, routine tasks with nominal social demands

3

without special supervision and adhere to a standard work schedule." *Id.*; *see also id.* at 140-41, 152. As stated above, in the RFC, in turn, the ALJ included limitations for (i) only "occasional" (but without mention of "brief") "interaction with supervisors, coworkers, and the public"; and (ii) completing simple and routine tasks (without mention of "slower") but not in "production rate paced" jobs. *Id.* at 22.

Plaintiff argues that the ALJ erred in each respect. First, Plaintiff argues the RFC's limitation on the *frequency* of interactions ("occasional") does not account for the necessary limitation as to the *quality and length* ("brief") of interactions. Doc. 16 at 6-11; Doc. 19 at 3-5. Second, Plaintiff argues that the RFC's limitation against production rate pace does not account for the *necessary* pace ("slower"). Doc. 16 at 11-12; Doc. 19 at 6-7. As set forth herein, the undersigned agrees with Plaintiff's first argument and thus does not reach her second argument. *See Williamson v. Saul*, No. 3:20-cv-155-J-JBT, 2021 WL 9349070, at *2 (M.D. Fla. Jan. 7, 2021) ("The Court need not address the remaining issues raised by Plaintiff because the Commissioner's reasoning regarding these other issues may change on remand."); *Nice v. Acting Comm'r of Soc. Sec. Admin.*, No. 8:17-cv-624-T-MCR, 2018 WL 823139, at *4 (M.D. Fla. Feb. 12, 2018) ("[T]he Court need not address Plaintiff's remaining arguments, because, on remand, the ALJ will have to reassess the entire record."); *see also Goginsky v. Saul*, No. 8:19-cv-3021-CPT, 2021 WL 9598104, at *7 (M.D. Fla. Mar. 30, 2021) (declining to address other claims of error but explaining that on remand "the Commissioner should

reassess the entire record, providing sufficient reasons and readily-identifiable evidentiary support for his decision").

### III.    Standard of Review

Plaintiff appeals the denial of her application for DIB under Title II of the Act, 42 U.S.C. § 401 *et seq.*[5] The terms of judicial review are set by 42 U.S.C. § 405(g). Under § 405(g), judicial review "is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Ohneck v. Comm'r, Soc. Sec. Admin.*, No. 22-13984, 2023 WL 8946613, at *2 (11th Cir. Dec. 28, 2023).[6]

The agency's factual findings are "conclusive" if "substantial evidence" supports them. *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 103 (citation omitted). Though requiring "'more than a mere scintilla'" of evidence, the threshold for this standard "is not high[,]" *id.*, and does not require a preponderance of the evidence, *Flowers v. Comm'r, Soc. Sec. Admin.*, 97 F.4th 1300, 1309 (11th Cir. 2024); *see also Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 850 (11th Cir. 2015). So long as "the ALJ's

---

[5] The regulations under Title II are located at 20 CFR pt. 404.

[6] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

decision clears the low evidentiary bar[,]" a reviewing court must affirm even if it "would have reached a different result and even if a preponderance of the evidence weighs against the Commissioner's decision[.]" *Flowers*, 97 F.4th at 1309. Nor may a reviewing court "'decide the facts anew, make credibility determinations, or re-weigh evidence.'" *Id.* at 1306 (citation omitted); *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

The same deference does not attach to conclusions of law. *See Flowers*, 97 F.4th at 1304, 1306; *Martin*, 894 F.2d at 1529. A "failure to apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed mandates reversal." *Martin*, 894 F.2d at 1529; *see also Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

## IV.    Analysis

As Plaintiff argues and Defendant does not dispute, the ALJ found unqualifiedly persuasive the opinions of two state agency psychological consultants that included, among other limitations, Plaintiff's need for "brief, task-specific interactions/conversations with customers, coworkers, and supervisors." Tr. at 30, *see also id.* at 140-41, 152. Yet the RFC, in turn, included a limitation for "occasional interaction with supervisors, coworkers, and the public." *Id.* at 22. Plaintiff argues this was error as the RFC's limitation on the *frequency* of interactions ("occasional") does not account for the necessary limitation as to the *quality and length* ("brief") of interactions. Doc. 16 at 6-11; Doc. 19 at 3-5. The undersigned agrees.

6

Though not uniform, the weight of authority, which the undersigned finds persuasive, supports Plaintiff's position. *See, e.g.*, *Lisa L. v. O'Malley*, No. 23-cv-1138 (JWB/JFD), 2024 WL 4682955, at *1 (D. Minn. Aug. 19, 2024) (reversing and remanding because "[t]here is a material difference between a brief contact and an occasional contact limitation" but "the ALJ's decision is devoid of any discussion about why he rejected [the] recommended limitation for 'brief' contact"); *Troia v. Acting Comm'r of Soc. Sec.*, No. 5:23-cv-308, 2024 WL 2044794, at *5 (N.D. W. Va. May 8, 2024) ("[I]n the medical opinions which the ALJ found to be persuasive, the experts both found that Plaintiff 'is better suited to work in a setting that calls for no more than **occasional and brief interactions** with supervisors, coworkers, and the general public.' The ALJ failed to include 'brief' in the RFC as it relates to Plaintiff's ability to interact with coworkers and supervisors. This failure is significant because 'occasional' and 'brief' do not appear to be interchangeable." (internal citations omitted) (collecting authority); *Schickel v. Colvin*, No. 14-cv-5763, 2015 WL 8481964, at *10 (N.D. Ill. Dec. 10, 2015) ("[T]he ALJ did err when he failed to explain why he incorporated a limitation as to the *frequency* of workplace social interactions when the consulting opinions upon which he heavily relied suggested *durational* restrictions. 'Brief' means 'lasting only a short period of time.' 'Occasional' means 'not happening or done in a regular or frequent way.' This difference in language is not merely semantics. Under the ALJ's RFC assessment, a job with infrequent or irregular interactions of some substantial length could be characterized as involving 'occasional'

7

interactions and thus be available to Plaintiff. Yet even the least restrictive opinions of record suggested that she would be unable to do such a job given her ability to tolerate nothing more than brief contact with others." (internal citations omitted)); *see also Elaine K. v. O'Malley*, No. 2:23-cv-1825, 2024 WL 4023217, at *4 (S.D. Ohio Sept. 3, 2024); *Jolene J.-D. v. O'Malley*, No. 23-cv-2297 (JMB/DLM), 2024 WL 3488001, at *5 (D. Minn. July 1, 2024), *report and recommendation adopted*, 2024 WL 3470786 (D. Minn. July 19, 2024); *Kenneth E. v. Comm'r, Soc. Sec. Admin.*, No. 3:22-cv-1161-MK, 2023 WL 5093408, at *3 (D. Or. Aug. 9, 2023); *Sara R. v. Kijakazi*, No. 22-cv-1271 (KMM/TNL), 2023 WL 4564421, at *6-7 (D. Minn. June 28, 2023), *report and recommendation adopted*, 2023 WL 4561312 (D. Minn. July 17, 2023); *Charlee N. A. v. Comm'r of Soc. Sec.*, No. 2:22-cv-3085, 2023 WL 312791, at *4 (S.D. Ohio Jan. 19, 2023), *report and recommendation adopted*, 2023 WL 1766096 (S.D. Ohio Feb. 3, 2023); *Hewins v. Saul*, No. 3:18-cv-3989, 2020 WL 6883439, at *6-7 (D.N.J. Nov. 24, 2020).[7]

Defendant also argues that any error in this respect was harmless insofar as the ALJ found that Plaintiff was not disabled because she could do three jobs with a "'People' rating of 8" in the Dictionary of Occupational Titles ("DOT"), which reflects "'the lowest possible level of human interaction that exists in the labor force'" and is

---

[7] Among other authority, Defendants cites one case from the Middle District of Florida it argues supports a contrary position. The undersigned is not convinced precisely the same issue was presented in that case. Regardless, none of the district court authority cited by the parties or herein, whether inside or outside this District, is binding. *See Georgia v. President of the United States*, 46 F.4th 1283, 1304 (11th Cir. 2022); *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534279, at *2 n.2 (M.D. Fla. Mar. 11, 2020).

"entirely consistent with the restriction to 'brief, task-specific interactions' the state agency consultants found in this case." Doc. 18 at 8-9 (citations omitted). This argument presents a close call and is not without legal support. *See id.* (citing *inter alia Connor v. Colvin*, No. 1:13-cv-00219-JAW, 2014 WL 3533466, at *4 (D. Me. July 16, 2014)).

But the undersigned is not ultimately convinced the error is harmless. *See, e.g.*, *Jolene J.-D.*, 2024 WL 3488001, at *8 ("The Commissioner contends this alleged inaccuracy is harmless because swapping Plaintiff's requested language about the quality and duration of interpersonal interactions into her RFC would make no difference where Level 8 jobs already assume an extremely limited amount of interpersonal contact. …. [T]he DOT's quantification of the 'level' of interpersonal interaction necessary for each job is imprecise. As such, the Court declines the Commissioner's invitation to assume that each and every Level 8 job could satisfy a limitation that the claimant only have brief and superficial workplace interactions."); *Sara R.*, 2023 WL 4564421, at *7-8 (rejecting argument that error in omitting restriction of "brief" interactions was harmless where the ALJ limited the plaintiff to unskilled work and found the plaintiff nondisabled based jobs that "have the lowest possible level of interaction with people according to the Dictionary of Occupational Titles"); *see also Troia*, 2024 WL 2044794, at *6 (rejecting similar harmless error argument); *Kenneth J.V. v. Kijakazi*, No. 22-cv-373 (KMM/DJF), 2023 WL 2394397,

9

at *11 (D. Minn. Jan. 27, 2023) (same), *report and recommendation adopted*, 2023 WL 2388696 (D. Minn. Mar. 7, 2023); *Schickel*, 2015 WL 8481964, at *10 (same).[8]

## V. Conclusion

Accordingly, it is **ORDERED**:

1.  The Commissioner's decision is **reversed** and this case is **remanded** to the Commissioner for further proceedings consistent with this Order; and

2.  The Clerk of Court is **directed** to enter judgment in favor of Plaintiff pursuant to sentence four of 42 U.S.C. § 405(g) and to close this file.

**DONE AND ORDERED** in Jacksonville, Florida, on April 14, 2025.

Samuel J. Horovitz
United States Magistrate Judge

Copies to: Counsel of Record

---

[8] In addition to the foregoing persuasive authority, the undersigned adds the observation that the ALJ here expressly noted that "[t]he DOT does not specifically address interaction with others" and relied heavily on the testimony of the Vocational Expert ("VE"), which the ALJ determined was consistent with the information contained in the DOT. Tr. at 32. But the VE's testimony was based on the RFC that the undersigned has already determined and explained to be in error. *See id.* Moreover, had the VE been asked about a materially different RFC, it is merely speculative to suggest that the testimony would not have changed based solely on the DOT. *See Jolene J.-D.*, 2024 WL 3488001, at *8. Indeed, "the DOT does not automatically 'trump' the VE's testimony" and the ALJ is "required to resolve, and to explain her resolution of," any "conflict between the VE's testimony and the DOT." *Crespo v. Comm'r of Soc. Sec.*, No. 8:23-cv-1159-NHA, 2024 WL 687602, at *6 (M.D. Fla. Feb. 20, 2024).